IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV335-MU-02

```
ELIJAH SIMS, JR.,                     )
                                      )
     Plaintiff,                       )
                                      )
       v.                             )
                                      )
CRAIG A. HOLLAR, Officer of           )
  the Charlotte Mecklenburg           )
  Police Department;                  )
JONATHAN S. TOBBE, Office of          )
  the Charlotte Mecklenburg           )
  Police Department;                  )
S.E. CROOKS, Officer of the           )          O R D E R
  Charlotte Mecklenburg Police        )
  Department;                         )
MARIANNE M. BALTIMORE, Officer        )
  of the Charlotte Mecklenburg        )
  Police Department; and              )
J.W. HETRICK, Officer of the          )
  Charlotte Mecklenburg Police        )
  Department,                         )
                                      )
     Defendants.                      )
_____)
```

**THIS MATTER** comes before the Court on the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed August 15, 2007. For the reasons stated herein, the plaintiff's action will be dismissed in its entirety.

As best as can be understood, the plaintiff is complaining about certain circumstances which allegedly led to his arrest and eventual conviction before this Court. That is, the plaintiff alleges that on April 26, 2005, the above-named defendants

conducted an illegal search of his person while he was in the process of dropping off a woman at her residence.  The plaintiff claims that because the defendants were in the area in order to serve an arrest warrant on the woman's neighbor, they had no cause even to approach him, let alone search his person.

Rather, the plaintiff alleges that such search was motivated solely by the facts that he is a Black male and the woman with whom he was observed is Caucasian.  Consequently, the plaintiff is asking the Court to award him unspecified compensatory and punitive damages from the defendants.

Notwithstanding the above matters which he chose to disclose, the plaintiff failed to disclose to the Court that the defendants' allegedly unlawful search resulted in the discovery of crack cocaine and a firearm; that such discovery further led to his prosecution and conviction for being a convicted felon in possession of a firearm, and for possessing crack cocaine with intent to distribute that substance; and that he actually has been sentenced to concurrent terms of 120 months imprisonment for those convictions.  See USA v. Sims, 3:05CR340-C.  Suffice it to say, therefore, based upon the plaintiff's current status, the instant Complaint must be dismissed.

Indeed, it is apparent that the plaintiff essentially is attempting to use this litigation to challenge the legality of his underlying criminal convictions and sentences.  Or, even if

2

he is not attempting to challenge those matters, a decision about the legality of the search and seizure at issue here necessarily would implicate the legality of the petitioner's convictions and sentences.

However, it is well settled that before a plaintiff can recover damages for an allegedly unlawful search and/or seizure, he first must prove that the resulting convictions and sentences have been reversed, expunged, declared invalid by a tribunal which has the authority to make such a determination, or have otherwise been called into question by the issuance of a federal writ of habeas corpus in favor of the plaintiff. Heck v. Humphrey, 512 U.S. 477 (1994). To put it another way, causes of action which seek monetary damages on the basis of a conviction or sentence and which raise challenges that necessarily would implicate the validity of the underlying conviction and/or sentence do not accrue until such conviction or sentence has been reversed, expunged or declared invalid. See Brooks v. City of Winston Salem, 85 F.3d 173, 181 (4th cir. 1996).

Accordingly, inasmuch as the plaintiff does not allege that his criminal convictions have been reversed, the Court finds that he is not entitled to proceed with this action for damages on a theory that the search and seizure which underlies those adjudications are unconstitutional. Therefore, this action will be dismissed.

3

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED,** ultimately for the plaintiff's failure to state a claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: August 28, 2007

Graham C. Mullen
United States District Judge